EDWARDS THEATRES, INC.,
a Delaware corporation,
Plaintiff—Appellee,

v.

UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania corporation, Defendant—Appellant.

No. 03–56312.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided March 18, 2005.

Drew E. Pomerance, Esq., Roxborough, Pomerance, Gallegos & Nye LLP., Los Angeles, CA, for Plaintiff–Appellee.

Sheldon E. Eisenberg, Esq., Bryan Cave, Santa Monica, CA, Thomas H. Nienow, Esq., Nielsen, Haley & Abbott, LLP, San Francisco, CA, for Defendant–Appellant.

Before: KOZINSKI, TROTT, and CLIFTON, Circuit Judges.

## MEMORANDUM *

The district court determined that United National Insurance Company had a duty to defend Edwards Theatres against IMAX's lawsuit alleging, *inter alia*, that Edwards had engaged in "a pattern of deceptive advertising" harming IMAX's reputation and goodwill. We affirm.

Under California law a duty to defend arises whenever the facts alleged in the third party complaint give rise to potential liability under the policy. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 276–77, 54 Cal. Rptr. 104, 419 P.2d 168 (1966). "California courts have been consistently solicitous" of the insured's expectations that they have a "right to call on the insurer's superior resources for the defense of third party claims." *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 295–96, 24 Cal. Rptr.2d 467, 861 P.2d 1153 (1993). We must interpret the policy "through the eyes of a layman." *Lebas Fashion Imports of USA, Inc. v. ITT Hartford Ins. Group*, 50 Cal.App.4th 548, 560–61, 59 Cal. Rptr.2d 36 (1996).

IMAX alleged that its institutional reputation was injured by Edwards advertisements that used the "IMAX" trademark in connection with conventional films. Under the policy, United National had a duty to defend Edwards against any suit arising out of "the use of another's advertising idea in [Edwards] advertisements." In *Lebas*, the court concluded that the phrases "advertising idea" and "style of doing business" in a commercial liability policy were broad terms that provided coverage for trademark infringement as "trademark is but a species of advertising." *Id.* at 557, 565–66, 59 Cal.Rptr.2d 36. Trademark infringement was one of the claims asserted by IMAX against Edwards.

Two years after *Lebas*, the Insurance Services Office eliminated the phrase "style of doing business" from its standardized liability policy, presumably replacing it with the "trade dress" provision. Notably, however, the "advertising idea" language remained. Unlike policies issued prior to 1985 and subsequent to 2001, neither the *Lebas* policy nor the Edwards policy had an explicit exclusion for trademarks. Accordingly, Edwards had an ob-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

jectively reasonable expectation that trademark infringement committed in the course of its advertising activities was a covered offense triggering United National's duty to defend.

Coverage was not barred by the policy clause excluding injuries arising from the failure of goods to meet their advertised quality. IMAX had a potential cause of action simply by establishing that Edwards exploited its identity and goodwill in its advertisements; the quality of goods that Edwards was selling was irrelevant to that claim. *See Schwartz v. Slenderella Systems of California, Inc.*, 43 Cal.2d 107, 118, 271 P.2d 857 (1954).

AFFIRMED.